UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS A. GARCIA SAZ, and wife, MARIA
DEL ROCIO BURGOS GARCIA,

    Plaintiffs,
vs.                                                  CASE NO. 8:13-CV-220-T27 TBM

CHURCH OF SCIENTOLOGY RELIGIOUS
TRUST; et al

    Defendants.
_____/

**DEFENDANTS' RESPONSE TO COURT ORDER**
**REGARDING ARBITRATION PROCEDURES**

Defendants, Church of Scientology Flag Service Organization, Inc. (FSO), and the Church of Scientology Flag Ship Service Organization, Inc. (FSSO), by their undersigned counsel, respond to this Court's Order of October 17, 2013, and state:

FSO and FSSO recognize that on October 21, 2013, the other defendants moved to dismiss for lack of subject matter jurisdiction because diversity is not complete. If the Court were to grant that motion in its entirety and dismiss this entire action, the motion to stay and compel arbitration would become moot. But if the Court were to deny that motion, or to grant it only in part, and FSO and FSSO remain parties, then FSO and FSSO maintain the consistent position that any remaining claims or causes of action should be stayed, and plaintiffs should seek relief, if they choose, by instituting arbitration proceedings consistent with their written agreements to do so.

The procedures governing Scientology arbitration are set forth in the enrollment agreements and in Church of Scientology justice policies. Scientology justice proceedings utilize a Committee of Evidence, as "a system of justice" to be used "in all matters relating to Scientology organizations, groups, and concerns." Procedures used by

1

Committees of Evidence are written and were established in a policy letter issued in 1963. The policy letter specifically states that a Committee of Evidence is used to resolve disputes "between [a local church] and non-staff members," including specifically questions of "refunds." The procedures are published in a book titled "Introduction to Scientology Ethics." The book is readily available via amazon.com, bridgepub.com and most public libraries.

The arbitration process described in the enrollment agreements complements the procedures used by Committees of Evidence, described below. The Church of Scientology International Justice Chief ("IJC") has ruled that the procedures and rules governing a Committee of Evidence apply in arbitration proceedings. Specifically, the arbitration is governed by the following procedures, as outlined in the enrollment agreements and the written rules governing Committees of Evidence ("Rules"):

1. <u>Convening Authority</u>. If a party who requests a return of donations has been turned down by the Claims Verification Board for whatever reason, the party can petition the IJC to convene a three member arbitration panel. The IJC acts as the convening authority and convenes the arbitral panel. The convening authority provides a bill of particulars explaining the matter to be determined and "supplies any information already available together with names of any person known to be involved or requesting justice. Rules, p. 7. The convening authority does not act as a member of the committee, may not sit with it and may not interfere with its conduct of business or its evidence. *Id.*

2. <u>Committee Members</u>. A panel member must be a Scientologist in good standing. The party requesting arbitration selects one member of the panel. See Enrollment Agreement, ¶ 6(e). (Doc. 8-10). The opposing party, i.e., FSO, designates a

second member. *Id.* The two designated members select a third member. *Id.* If the two members cannot agree on a third, the third member of the arbitrator panel is selected by the IJC. *Id.* Former Scientologists who have been declared. Suppressive Persons (excommunicated) are expressly permitted to communicate with the International Justice Chief and convened Committees of Evidence.

    3.    <u>Chairman</u>. "The chairman of the arbitration panel is appointed at the discretion of the convening authority appointing the committee." Rules, p. 4. In the instant context, the chairman would normally be the third arbitrator selected by the two arbitrators who are designated by the parties to the dispute. "The chairman presides over all meetings, conducts the largest part of the interrogation and sees that the committee properly executes its duties in all respects in a dignified and expeditious manner. The chairman may not interfere with the votes of the members and must include any divergences of opinion on the findings by dissenting members. The chairman sees to it that the findings are based on majority opinion. The chairman votes only in case of a deadlock." *Id.* The chairman may dissent from the majority opinion, but if so, includes it as a separate opinion in the findings like any other dissenting member. *Id.*

    4.    <u>Secretary</u>. A Secretary is also appointed from one of the two other arbitrators. "The secretary is appointed specifically by the convening authority.... The secretary prepares and issues all notices to attend, attends all meetings, keeps all notes, collects all documentary evidence offered in the hearings, procures tapes and a tape recorder, does all the tape recording, and collects all members of the committee for scheduled hearings." *Id.*

5. <u>Evidence</u>. "The spoken word, writings and documents are to be considered as evidence. The E-Meter is not to be used to procure evidence.... Hearsay evidence (saying one heard somebody say that somebody else did) should not be admissible evidence, but statements that one heard another make damaging remarks or saw another act or fail to act are admissible." Rules, p. 5.

6. <u>Proceedings</u>. The committee meets as soon as possible. At the first meeting, the instructions and information are examined and the committee decides what further information it will require to arrive at a conclusion and what information requires confirmation. It then decides who shall be called to give evidence. Rules, p. 7.

7. "When witnesses appear before the committee, the chairman should put the questions and keep them to the point. When he has completed his questions, he invites other members to ask any questions they feel will help the committee." Rules, p. 7. Each member of the committee is required to "attend all hearings, may keep his own notes, passes on all findings and votes for or against the findings and their recommendations. A member must sign the findings whether he approves of them or not but if disapproving may have the chairman so note it." . . . The member may question any interested party or witness but usually leaves this to the chairman. The member may also write a question he or she wants asked and pass it to the chairman. If a member truly does not understand some point of evidence toward the end of the hearings, he or she may demand the recall of anyone to clarify the matter but may not unduly extend the hearings by using this as a device." Rules, p. 4-5.

8. At the end of the hearing, "the chairman asks the witness if there is any more information he/she wants to give or if there is anything he/she wants to say to

4

correct any wrong impression he/she feels the committee may have." Rules, p. 8.

9. When the committee has assembled all the evidence it needs, it has a final meeting to prepare a report. The report (the findings) should include findings and a recommendation and is sent together with the evidence and any tapes to the convening authority." Rules, p. 8.

10. The Committee issues a full report setting forth its findings. The report is accompanied by a tape recording of the evidence given and a full recommendation to the convening authority for his action. The findings are written "after the last hearing and after the last committee meeting that votes on the recommendation to be given. It is done by the secretary from his or her notes but under the guidance of the chairman. It is done as soon after the last committee meeting as possible, is signed by committee members, and promptly forwarded to the convening authority. Only one copy is prepared and forwarded to the convening authority." Rules, p. 6.

11. "From the evidence and findings, the convening authority judges whether or not the evidence is complete and if the findings and recommendation are in keeping with the evidence. He assumes that the committee has done its job thoroughly, and unless there is a blatant apparent miscarriage of justice, he endorses the findings and instructs an appropriate executive to carry out the recommendations and how to publish the matter." Rules, p. 6.

12. The convening authority can (1) accept the findings in full, (2) reduce the penalty recommended or (3) suspend or cancel the penalty completely. In the context of refund arbitration, the convening authority could accept the findings of the panel or increase the award to the petitioner. It would not have the authority to reduce an award.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 24, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: RONALD P. WEIL, ESQ., rpw@weillaw.net, and THEODORE BABBITT, ESQ., MARIE TOMASSI, ESQ., mtomassi@trenam.com; LEE FUGATE, ESQ., lfugate@zuckerman.com.

/s/ Robert V. Potter
F. Wallace Pope, Jr.
Florida Bar No. 0124449
E-mail: wallyp@jpfirm.com
Robert V. Potter
Florida Bar No. 0363006
bobp@jpfirm.com
Johnson, Pope, Bokor, Ruppel & Burns, LLP
911 Chestnut Street
Clearwater, Florida 33757
Telephone: (727) 461-1818
Facsimile: (727) 462-0365
*Counsel for FLAG CHURCH & SHIP CHURCH*

1585522