UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS A. GARCIA SAZ, and wife, MARIA
DEL ROCIO BURGOS GARCIA,

      Plaintiffs,

v.                                   CASE NO. 8:13-CV-220-T27 TBM

CHURCH OF SCIENTOLOGY RELIGIOUS
TRUST; et al,

      Defendants.
_____/

**RESPONSE OF DEFENDANTS, FLAG CHURCH AND SHIP CHURCH, TO MOTION
OF OTHER DEFENDANTS TO DISMISS CASE FOR LACK OF
<u>SUBJECT MATTER JURISDICTION</u>**

Defendants, Church of Scientology Flag Service Organization ("FLAG CHURCH") and

Church of Scientology Flag Ship Service Organization ("SHIP CHURCH"), file this

memorandum in support of the motion of defendants Church of Scientology Religious Trust

("CSRT"), International Association of Scientologists Administrations, Inc. ("IASA"), and

United States IAS Members Trust ("USIMT") to dismiss this action for lack of subject matter

jurisdiction.

Plaintiffs have failed to allege on the face of their complaint sufficient facts to support

diversity jurisdiction.  FLAG CHURCH and SHIP CHURCH agree that, based on the showing

by the moving defendants, there is a lack of complete diversity among the parties to this action,

and that the action must be dismissed.  In addition, FLAG CHURCH and SHIP CHURCH will

show that the Court has no discretion, in the circumstances of this case, to dismiss only the non-

diverse moving defendants and to leave the action in place between the plaintiffs and FLAG

CHURCH and SHIP CHURCH as defendants.  The reasons are: (1) plaintiffs allege that FLAG

1

CHURCH and SHIP CHURCH are liable as part of a joint enterprise with the non-diverse defendants, thereby foreclosing diversity jurisdiction against the joint enterprise or any of its members; (2) the non-diverse defendants are necessary and indispensable parties to consideration of those claims against FLAG CHURCH and SHIP CHURCH; and (3) the remaining breach of contract claims against FLAG CHURCH and SHIP CHURCH, based only on the alleged acts of the latter two defendants, do not meet the jurisdictional minimal amount necessary to establish subject matter jurisdiction under 28 U.S.C. § 1332.

**ARGUMENT**

I.    **THE COMPLAINT FAILS TO ALLEGE A PROPER BASIS FOR DIVERSITY JURISDICTION.**

Plaintiffs originally filed this lawsuit in Florida state court against only FLAG CHURCH and SHIP CHURCH and alleged only claims arising out of plaintiffs' donations directly to FLAG CHURCH and SHIP CHURCH.  *Luis Garcia and Maria del Rocio Borgos-Garcia v. Church of Scientology Flag Service Organization and Church of Scientology Flag Ship Service Organization*, Case No. 11-008503-CI Sect. 20 (6th Judicial Circuit, Pinellas County).  (*See* Complaint attached as Exhibit 6 to Defendants' Joint Motion to Compel Arbitration and Stay Proceedings.)  FLAG CHURCH and SHIP CHURCH moved to stay that action and to compel arbitration, as they did in a virtually identical case styled *Bert Schippers and Lynne Hoverson v. Church of Scientology Flag Service Organization and Church of Scientology Flag Ship Service Organization*, Case No. 11-11250-CI Sect. 21 (6th Judicial Circuit, Pinellas County).  The Florida court in *Schippers* upheld the arbitration agreement and compelled arbitration of the Schippers' claims against FLAG CHURCH.  The *Schippers* plaintiffs appealed, and the Garcias did not advance their lawsuit pending that appeal.  On the eve of oral argument on the Schippers' appeal, the Schippers voluntarily dismissed their appeal and their underlying claims and

abandoned their claims.  Shortly thereafter, the Garcias dismissed their Florida state court action and filed this federal court action.

Upon the commencement of this action, these defendants immediately focused on filing a renewed motion to stay and compel arbitration because that was the issue immediately before the courts in the state lawsuits and because these defendants did not want to risk a claim that they waived their right to arbitration.  It seemed obvious to these defendants that the Garcia's dismissed their state lawsuit and re-filed in federal court in the hope that this Court would take a different approach toward the arbitration issues than that provisionally taken by the state court in *Schippers* and that plaintiffs feared might be taken by the Florida's Second District Court of Appeal.  These defendants wished to present the arbitration issues to this court immediately.

As a result of the primary focus on the preliminary issue of arbitration, which in turn brought forth the issue of disqualification, the parties did not heretofore closely analyze or address jurisdictional issues raised by the pleadings.  Now that those issues have been raised, upon analysis it is clear that plaintiffs' complaint fails to meet the pleading requirements for subject matter jurisdiction under 28 U.S.C. § 1332.[1]

Diversity actions have long been disfavored by the federal courts.  Accordingly, federal courts have insisted that a federal court's jurisdiction must clearly appear from the face of the complaint.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) ("They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction.  If he fails to make the necessary allegations he has no standing."); *Whitelock v. Leatherman*, 460 F.2d 507 (10th Cir.

---

[1] Plaintiffs also plead "supplemental jurisdiction under 13 [*sic*, 28] U.S.C. § 1367."  Complaint, § 12.  However, section 1367(b) expressly provides that "the district courts shall not have supplemental jurisdiction" over claims against additional parties when, as here, the alleged "original jurisdiction [is] founded solely on section 1332."

1972).  A party's "naked declaration that there is diversity of citizenship is never sufficient," but rather, the plaintiff must identify the citizenship of each litigant, including both the state of incorporation and the state of the principal place of business if the party is a corporation, and the citizenship of all of the members if a party is an unincorporated association.  *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533-34 (7th Cir. 2007).

The Supreme Court has laid down several explicit rules for the determination of citizenship under Section 1332.  First, with respect to individuals, mere residence is insufficient; a plaintiff must allege and show that a defendant is a domiciliary of the state in question, a requirement of permanence.  *See Kinney v. Columbia Savings & Loan Assn.*, 191 U.S. 78 (1903).

Second, with respect to a corporation, the Supreme Court just recently clarified years of confusion and conflicting decisions by holding that a corporation's principal place of business[2] is not necessarily where it conducts most of its commercial activity, but is its "nerve center."

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

Third, the Supreme Court has made clear that for non-corporate entities such as partnerships and trusts, citizenship for diversity purposes is determined by examining the

---

[2] According to the statute, a corporation may be a citizen for diversity purposes of two states: its state of incorporation and the state of its principal place of business.  Citizenship of either kind may destroy diversity.  28 U.S.C. § 1332(c) (1).

4

citizenship of *all members or partners or trustees of the entity*.  If any member, partner, or trustee is non-diverse to any plaintiff, diversity jurisdiction does not exist:

> [U]nincorporated associations do not themselves have any citizenship, but instead must prove the citizenship of each of their members to meet the jurisdictional requirements of 28 U.S.C. §1332.

*Underwriters at Lloyd's, London v. Osting-Schwinn,* 613 F.3d 1079, 1086 (11th Cir. 2010).  *See also Carden v. Arkoma Associates*, 494 U.S. 185, 195 (1990) (holding that diversity jurisdiction in a suit by or against a non-corporate entity must take into consideration the citizenship "of all the members").[3]  The Eleventh Circuit explicitly applied the rule to trusts in *Laborers' Local 938 Joint Health and Welfare Trust Fund v. B.R. Stames Co. of Florida*, 827 F.2d 1454, 1457 (11th Cir. 1987) ("Trust funds, which appear to be voluntary unincorporated associations, are not citizens of any particular state; rather the citizenship of trust fund members is determinative of the existence of diversity of citizenship."); *Riley v. Merrill, Lynch*, 292 F.3d 1334, 1339 (11th Cir. 2002) (quoting and approving *Laborer' Local 938*), *recognized as abrogated on other grounds by Instituto De Prevision Militar v. Merrill Lynch*, 546 F.3d 1340 (11th Cir. 2008).

It is plaintiffs' burden to allege and establish a basis for diversity jurisdiction.  *FW/PBS Incorporated v. City of Dallas*, 493 U.S. 215, 231 (1990); *Newman Green, Inc. v. Alfonzo-Lorain*, 490 U.S. 826, 829 (1989).  A review of the present complaint discloses that plaintiffs have not alleged sufficient facts to bring this case within the purview of diversity jurisdiction, even on the face of the complaint.

First, with respect to defendant, CSRT, plaintiffs merely allege that it is a "non-profit trust" and that it has a principal place of business in Clearwater, Florida.  Under Section 1332,

---

[3] Significantly, the Court did not limit consideration to the state of citizenship of the general partner or of those partners who actually played a role in the administration of the partnership but extended the scope of citizenship to all partners, whatever their actual role in the administration of the entity.  *Carden*, 494 U.S. at 192-95.

the latter point is irrelevant to determination of the citizenship of a trust such as CSRT.  Plaintiffs make no attempt to allege the citizenship of the trustees of CSRT, let alone to allege that they are not citizens of California and thus are diverse parties from the plaintiffs.  That failure, by itself, requires dismissal of this lawsuit.

Second, with respect to defendant, U.S. IAS Members Trust (USIMT), plaintiffs merely allege that it is an "entity."  Plaintiffs do not allege what kind of entity, even though it has the word Trust in its name.  Plaintiffs seek to avoid the clear rule that a trust does not have citizenship for diversity purposes, but that jurisdiction is determined by each and every state in which *any trustee* is a citizen.  Plaintiffs allege that USIMT has an office in California, but that it carries out "substantial business" in Florida through its alleged "alter ego," defendant, IAS.  Nowhere do plaintiffs allege a single fact that would enable the court to determine the citizenship of USIMT's trustees for diversity purposes.  Plaintiffs again have failed to meet their burden of sufficiently alleging a basis for diversity jurisdiction.

Third, plaintiffs allege that defendant, IASA,[4] is a Delaware corporation.  They then allege, without a single fact of support, that "its principal place of business" is in Clearwater, Florida.  Plaintiffs make no effort to conform their allegations of "principal place of business" to the rule of law that the Supreme Court established in *Hertz Corp. v. Friend* that a corporation's principal place of business for purposes of diversity is its "nerve center" where its "officers direct, control, and coordinate the corporation's activities."   559 U.S. at 80-81.   Rather, plaintiffs' complaint consists of nothing more than a "naked declaration that there is diversity of citizenship," *Thomas v. Guardsmark, LLC*, 487 F.3d at 534, supported by no or merely

---

[4] Plaintiffs confusingly refer to "IASA" as "IAS," IASA is a separately incorporated domestic corporation.  As stated in the text, it is incorporated in Delaware, and its principal place of business, or "nerve center," is in California.

conclusory factual allegations that fail to meet well established legal criteria.  On that basis alone, the complaint must be dismissed.

## II.      THE FACTUAL SHOWINGS BY CSRT, USIMT AND IASA SHOW THAT EACH OF THOSE DEFENDANTS ARE NON-DIVERSE PARTIES.

Not only have plaintiffs failed to plead sufficient facts to establish subject matter jurisdiction on the face of the complaint, but they are also unable to do so.  Diversity jurisdiction simply does not exist.  The relevant facts here are established in the moving papers of defendants, CSRT, IASA, and USIMT and are not subject to dispute:

A. CSRT has established that three of its trustees are citizens of California, thereby destroying diversity jurisdiction.  As the *Carden* court held, it is irrelevant where CSRT conducts its activities, or which of its trustees or executives plays a greater or lesser role in doing so.

B. U.S. IAS Members Trust (USIMT) likewise has established that it is not an "entity," as plaintiffs characterized it, but is a trust, and that its trustees are all citizens of California, thereby destroying diversity jurisdiction.

C. IASA has established that it is a Delaware corporation but that its "nerve center" is in California, where all its officers and directors regularly direct, control, and coordinate its activities.  It therefore is a citizen of both Delaware and California, which destroys diversity.

## III.     THE COURT MAY NOT DISMISS THE NON-DIVERSE PARTIES AND PROCEED WITH THE CLAIMS AGAINST FLAG CHURCH AND SHIP CHURCH.

In a narrow range of cases, federal courts may dismiss the non-diverse parties to an action and proceed with the remnant of the case against the diverse parties.  Such a practice is not favored.  The United States Supreme Court has cautioned that courts should do so "sparingly,"

and only if the non-diverse parties are "dispensable," and no party will be prejudiced by the dismissal. *Newman–Green*, 490 U.S. at 837–38.

Here, as a matter of law and for several reasons, it simply is not possible to follow that course.

First, with respect to two of the three counts alleged solely against FLAG CHURCH (Counts III and VIII) and one of the two counts alleged solely against SHIP CHURCH (Count IX), diversity jurisdiction is absent as a matter of law. That is because Counts III and VIII allege that FLAG CHURCH acted as part of a joint enterprise with other defendants who are California citizens, and Count IX alleges that SHIP CHURCH acted as part of a joint enterprise also with other defendants who are California citizens. As explained below, the citizenship for diversity purposes of a joint enterprise is determined in the same manner as a partnership, trust, or other unincorporated association, by the citizenship of every state of which one of its members is a citizen. Since the alleged joint enterprises include California citizens, the court lacks diversity jurisdiction over Counts III, VIII, and IX, no matter which defendants are left named in the complaint.

Second, CSRT, IASA, and USIMT are indispensable parties to Counts III, VIII, and IX asserted against FLAG CHURCH and SHIP CHURCH, and the latter would be unfairly prejudiced if they were required to proceed in this action without the dismissed parties. Clear case law prohibits dismissing only non-diverse parties under such circumstances.

Third, once the court dismisses those claims (Counts III, VIII, and IX) against FLAG CHURCH and SHIP CHURCH that rely on allegations of joint enterprise, it cannot permit the case to go forward on the two remaining claims alleging breach of contract against FLAG CHURCH and SHIP CHURCH that are based exclusively on the actions of the latter two

defendants (Counts IV and V) because the amounts in controversy fall far below the jurisdictional minimum of more than $75,000.00, exclusive of interest and costs.

**A. The Court Lacks Diversity Jurisdiction over the Joint Enterprise Claims.**

Even if CSRT and USIMT, whose trustees include citizens of California, and IASA, which is a citizen of California (the "non-diverse defendants"), were not named as defendants in the Complaint or were dismissed from it, on the face of the complaint the Court lacks diversity jurisdiction with respect to Counts III, VIII, and IX because plaintiffs have alleged that defendants FLAG CHURCH and SHIP CHURCH are liable on those counts solely as joint venturers with the non-diverse defendants. Thus, in Count III, plaintiffs allege a joint venture of FLAG CHURCH and CSRT; in Count VIII, plaintiffs allege a joint venture among FLAG CHURCH, IASA, and USIMT; and in Count IX, plaintiffs allege a joint venture among SHIP CHURCH, IASA and USIMT[5] (together, the "Joint Venture Counts"). The law is well-settled that the citizenship of all members of a joint venture must be considered for diversity purposes, and as shown, defendants CSRT, IASA, and USIMT and plaintiffs are all citizens of California.

Plaintiffs plead Count III as a claim only against FLAG CHURCH and only for "Fraud – 'Super Power' Project" (the "Project"). However, plaintiffs specifically allege that "FLAG *operated in concert* with CSRT activities with respect to each and every fraudulent statement, representation and omission to Plaintiffs…. The efforts of the CSRT and FLAG CHURCH *constitute a joint enterprise*." Complaint ¶ 100 (emphasis added). This joint venture pleading was not mere rhetoric or embellishment; rather, it is necessary to allege a claim against FLAG

---

[5] Plaintiffs allege that they seek damages against FLAG CHURCH (Count VIII) and SHIP CHURCH (Count IX) "for fraud in connection with the so-called humanitarian initiatives of IASA and USIMT." Complaint, ¶¶ 130, 136. USIMT is not otherwise mentioned in those Counts, other than the allegation in paragraph 21 that it is an alter ego of IASA, and thus presumably is part of the joint enterprise.

CHURCH for the Project because the Complaint does not allege a single act of FLAG CHURCH concerning that Project, other than the joint venture allegation of paragraph 100.  Likewise, in Counts VIII and IX plaintiffs allege that "FLAG and IAS [*sic*] operated a joint enterprise," and that "SHIP and IAS [*sic*] operated a joint enterprise designed to solicit funds from church members."  Complaint, ¶¶ 133, 139.  Again, it is the non-diverse party, IASA, that is alleged to have engaged in the wrongdoing, with liability of FLAG CHURCH and SHIP CHURCH premised on the alleged joint venture.[6]

As the Florida Supreme Court has explained, whether called a "joint venture" or "joint enterprise," the legal consequences are the same.  *See Kislak v. Kreedian*, 95 So. 2d 510, 514 (Fla. 1957) ("Various and sundry terms have been used as descriptive of the legal relationship resulting from an agreement between two or more persons to engage in an enterprise of limited scope and duration.  Such words as 'joint adventurers', 'syndicate', 'joint enterprise' and 'co-adventurer' are words which have been used to describe the legal relationship resulting from such an agreement.  By whatever name called, it is the result of the agreement which creates the legal relationship.").  Florida law treats such joint enterprises/joint ventures identical to a partnership.  *See id.* ("It has been universally held that while 'joint adventure' and partnership are separate legal relationships, both relationships are governed by the same rules of law.  The laws governing partnership are applicable to joint adventures.").

As discussed in Point I above, it is well-settled that for purposes of determining diversity, the citizenship of *all* members of the partnership must be counted.  *See Carden*, 494 U.S. at 186, 192-96 (holding that in limited partnership, all partners, limited and general, must be counted in

---

[6] All defendants, of course, deny that there was any such "joint venture" or that there was any venture or misconduct at all.  The point is that the basis in the complaint for suing FLAG CHURCH and SHIP CHURCH in Counts III, VIII, and IX rests upon the allegation of a joint venture.

determining diversity jurisdiction); *see also Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004) ("accepted rule that, as a partnership, [defendant] is a citizen of each State or foreign country of which any of its partners is a citizen."); *Rolling Greens, MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) ("[F]or purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens.") (citing *Carden*); *Int'l Paper Co. v. Denkmann Assocs.*, 116 F.3d 134, 137 (5th Cir. 1997) (noting that citizenship of a general partnership depends on that of all partners); *Pierre's Resort, LC v. Interstate Management Co., LLC,* 2009 WL 395788 at *2 (M.D. Fla., Feb. 17, 2009) ("[U]nlike corporations, an unincorporated entity such as a limited partnership is not, without more, a citizen of the state that created the entity; such legal entities are citizens of every state in which each of their members or partners are citizens.").

The Supreme Court's holding in *Carden* was not limited to partnerships.   Rather, the Court made clear that the state citizenship of *all members* of *any* type of unincorporated association must be considered in determining the entity's citizenship for purposes of diversity jurisdiction.  *See Carden*, 494 U.S. at 195-96 (holding that other than for corporations, whose citizenship for diversity purposes is specifically addressed by statute, "we reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members.  We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of *all the members, the several persons composing such association, each of its members*.") (internal quotations and internal citations omitted, emphasis added).  Thus, "[t]here could be no doubt … that at least common-law entities … would be treated for purposes of the diversity statute pursuant to … [t]he tradition of the common law, which is to treat as legal persons only

11

incorporated groups and to assimilate all others to partnerships." *Id.* at 190 (internal quotations omitted)(quoting *People of Puerto Rico v. Russel & Co.*, 288 U.S. 476, 480 (1933)).

The Eleventh Circuit, in holding that for diversity purposes the citizenship of a limited liability company, "like a limited partnership" is the citizenship of each of its members, relied on "the long-standing rule that the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization." *Rolling Greens*, 374 F.3d at 1021-22 (citing *Carden*); *see also Underwriters at Lloyd's, London*, 613 F.3d at 1087 ("[T]he Court in *Carden* provided 'a general rule: *every association of a common-law jurisdiction* other than a corporation is to be treated like a partnership'") (quoting *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 317 (7th Cir. 1998) (emphasis added).

> As a leading commentary explains, this rule plainly applies to "joint ventures:"
>
> Hence, there is now abundant case law from courts at all levels of the federal judiciary throughout the country to the effect that the *Carden* principle is not limited to the facts of that case and applies to a wide range of unincorporated associations. Accordingly, whenever a partnership, a limited partnership, ***a joint venture***, a joint stock company, a labor union, a religious or charitable organization, a governing board of an unincorporated institution, or a similar association brings suit or is sued in a federal court, the actual citizenship *of each of the unincorporated association's members must* be considered in determining whether diversity jurisdiction exists. [emphasis added]

13F Charles Alan Wright, Arthur R. Miller, *et al*, *Federal Practice & Procedure, Jurisdiction and Related Matters* § 3630.1 (3d ed. 2013); *see id.* at n.5 (citing cases); *Schiavone Const. Co. v. City of New York,* 99 F.3d 546, 548 (2d Cir. 1996) ("For diversity purposes, the citizenship of a joint venture is the citizenship of each of its members.") (citing *Carden*, 494 U.S. at 195-96); *Indiana Gas Co., Inc.*, 141 F.3d at 316 ("[A]ssociations such as labor unions, joint stock companies, and joint ventures take the citizenship of each member.").

A plaintiff cannot avoid *Carden's* requirement of complete diversity of all members of an

unincorporated entity by suing only some members of that entity, or by selectively dismissing the members who destroy diversity. "The opposing party may not sue individual members of an unincorporated organization selectively for the purpose of establishing complete diversity of citizenship." 13F Charles Alan Wright, Arthur R. Miller, *et al*, *Federal Practice & Procedure, Jurisdiction and Related Matters* § 3630.1 (3d ed. 2013). *See E.R. Squibb & Sons, Inc. v. Accident Cas. Ins. Co.,* 160 F.3d 925, 931 (2d Cir. 1998) (for diversity jurisdiction purposes, citizenship of all members of underwriting syndicate must be considered, even though only lead underwriter was named defendant). The Eleventh Circuit in *Osting-Schwinn*, pointed out that "[a]nalytically, the Second Circuit's approach is very similar to the one we take in this case," with the distinction being that in *E.R. Squibb,* the plaintiff sued only the lead underwriter, not the unincorporated syndicate, while in *Osting-Schwinn*, the plaintiff sued the unincorporated syndicate. 613 F.3d at 1089 n.6. The result, however, was the same—the citizenship of all members of the syndicate must be counted. Here, the Complaint is clear that FLAG CHURCH and SHIP CHURCH were not even the lead joint venturers. Obviously, plaintiffs cannot avoid the *Carden* principle here by suing only one member on a joint venture theory "selectively for the purpose of establishing complete diversity of citizenship." 13F Charles Alan Wright, Arthur R. Miller, *et al*, *Federal Practice & Procedure, Jurisdiction and Related Matters* § 3630.1 (3d ed. 2013).

Thus, because the members of the joint ventures alleged in the Joint Venture Counts include citizens of California (IASA and the trustees of CSRT and USIMT) and plaintiffs are citizens of California, there is a lack of complete diversity, and the Joint Venture Counts must be dismissed for lack of subject matter jurisdiction.

**B. The Joint Venture Counts Against FLAG CHURCH and SHIP CHURCH Must Be Dismissed Because the Non-Diverse Parties are Indispensable to Consideration of Those Claims and Their Absence Would Severely Prejudice the Ability of FLAG CHURCH and SHIP CHURCH to Defend the Claims.**

A second independent reason why the Court must dismiss Counts III, VIII, and IX pursuant to the motion to dismiss for lack of subject matter jurisdiction is that CSRT, IASA, and USIMT are not dispensable parties, and it would impose great prejudice upon FLAG CHURCH and SHIP CHURCH to require them to defend those counts in the absence of the other parties.

CSRT (on Count III), and IASA and USIMT (on Counts VIII and IX) are plainly indispensable parties who cannot be joined under Rule 19(b), Fed. R. Civ. P., thereby mandating dismissal. *See Molinos Valle Del Cibao, C por A. v. Lama*, 633 F.3d 1330, 1343-45 (11th Cir. 2011) ("*Lama*"). This is so for a number of reasons including, *inter alia*, because plaintiffs "seek to impose liability on [FLAG CHURCH and SHIP CHURCH] not for [their] own acts, but for those of [CSRT and IAS]." *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 559 (5th Cir. 1985). Moreover, CSRT and IASA were "more than [] active participant[s] in the [wrongdoing] alleged by the [plaintiffs]; [they were] the primary participant[s]. Case law in this and other circuits uniformly supports the proposition that joinder … is required in such a situation." *Id*. *See also B. Fernandez & HNOS, Inc. v. Kellogg USA*, 516 F.3d 18, 26-27 (1st Cir. 2008) (holding entity indispensable; where face of complaint shows that absentee non-diverse entity "was a central player—perhaps even the primary actor – in the alleged breach, the practical course here … is to proceed in a forum where the absentee may be joined"); *Acton Co. v. Bachman Foods, Inc.*, 668 F.2d 76, 78–81 (1st Cir. 1982) ("[P]arent that played 'substantial role' in negotiating contract and had substantial interest in contract was indispensable party to action against subsidiary who had undertaken most of the obligations in the contract.); *Brown v. Reed Elsevier, Inc.*. 2009 WL 3064751, at *3 n.3 (S.D. Fla., Sept. 22, 2009) (recognizing that

14

under *Freeman,* an "action against corporation [that] involved conduct of corporation's wholly owned subsidiary made subsidiary indispensable party").

Moreover, as alleged co-joint venturers, CSRT and IASA have "a joint proprietary interest in the subject matter, … a right to share in the profits and … a duty to share in any losses which may be sustained." *Advanced Protection Technologies, Inc. v. Square D Co.*, 390 F. Supp. 2d 1155, 1159 (M.D. Fla. 2005) (quoting *Atkins v. Topp Telecom., Inc.*, 873 So. 2d 397, 399 (Fla. 4th DCA 2004)).   Because the alleged liability of FLAG CHURCH and SHIP CHURCH in the Joint Venture Counts is based primarily, if not solely, on the acts of CSRT and IASA and that CSRT and IASA hold proprietary interests, rights and obligations in the alleged joint ventures, CSRT and IASA are indispensable parties on the Joint Venture Counts.[7]

### C.  The Remaining Breach of Contract Counts Against FLAG CHURCH and SHIP CHURCH Fail to Meet the Jurisdictional Minimum to Sustain an Action under Section 1332.

In addition, it would be futile to try to save from dismissal even the two counts, Counts IV and V, which are directed exclusively against the non-diverse parties FLAG CHURCH and SHIP CHURCH.   Plaintiffs have each asserted their own breach of contract claims against FLAG CHURCH and asserted their own separate breach of contract claims against SHIP CHURCH.   In Count IV, plaintiffs assert that they each entered into a contract with FLAG CHURCH, and assert an aggregated claim for damages against FLAG CHURCH in the amount

---

[7] Issue in this case has not been joined pending resolution of the motion to stay and compel arbitration.  If any portion of this action survives the pending motion to dismiss for lack of subject matter jurisdiction and the pending defendants' motion to stay and compel arbitration, and in the event FLAG CHURCH and SHIP CHURCH are required to move or answer against the complaint, FLAG CHURCH and SHIP CHURCH expect, if necessary, to move expeditiously to dismiss the Joint Venture Counts under Rule 12(b) (7) for failure to join indispensable parties on the Joint Venture Counts.

of $37,413.36.  Plaintiffs fail to allege how much of that amount is claimed under the separate alleged contracts of Luis Garcia and Maria Garcia.

Plaintiffs make similar claims against SHIP CHURCH in Count V in the aggregated amount of $31,445.45.  Again, plaintiffs fail to state how much is attributed to each separate contract between each plaintiff and SHIP CHURCH.

Such aggregation of claims in an attempt to meet the jurisdictional amount under Section 1332 is not permitted.  Plaintiffs may not aggregate their separate contract claims against either FLAG CHURCH or SHIP CHURCH, and neither plaintiff, nor both plaintiffs together, may aggregate their claims against both defendants combined.  Even if this were not so, the total aggregated claims of both plaintiffs against both defendants still fail to meet the jurisdictional amount.

The law is well established and free from doubt:

> [T]he separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement. Aggregation has been permitted only (1) in cases in which a single plaintiff seeks to aggregate two or more of his own claims against a single defendant and (2) in cases in which two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest.

*Snyder v Harris*, 394 U.S. 332, 335 (1969).  *See also Middle Tennessee News Corp., Inc. v. Charnal of Cincinnati, Inc.*, 250 F.3d 1077, 1081 (7th Cir. 2001) ("In diversity cases, when there are two or more defendants, plaintiffs may aggregate the amount against the defendants to satisfy the amount in controversy requirement only if the defendants are jointly liable*; however, if the defendants are severally liable, plaintiff must satisfy the amount in controversy requirement against each individual defendant.")

Here, in contrast, Louis and Maria del Rocio Burgos Garcia seek to aggregate their separate claims against FLAG CHURCH and also against SHIP CHURCH and then seek to

double aggregate these aggregated claims against both defendants.  The claims do not arise from a single title or right they have in common or an undivided interest because each plaintiff alleges his or her own separate contracts against, separately FLAG CHURCH and SHIP CHURCH.

And, as noted, even if aggregation were permitted of all damages claimed by plaintiffs against both defendants, the total claim is only $68,858.81, well short of the threshold of more than $75,000.00, exclusive of interest and costs.  By whatever measure, the court lacks subject matter jurisdiction over those claims, if they were to stand alone.

## CONCLUSION

For the foregoing reasons, this Court should dismiss for lack of subject matter jurisdiction.

## Certificate of Service

I HEREBY CERTIFY that on November 4,  2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  RONALD P. WEIL, ESQ., rpw@weillaw.net, and THEODORE BABBITT, ESQ., tedbabbitt@babbitt-johnson.com, attorney for plaintiffs.

> /s/Robert V. Potter
> F. Wallace Pope, Jr.
> Florida Bar No. 0124449
> E-mail: wallyp@jpfirm.com
> Robert V. Potter
> FBN 00363006
> Email: bobp@jpfirm.com
> Johnson, Pope, Bokor, Ruppel
> & Burns, LLP
> 911 Chestnut Street
> Clearwater, Florida 33757
> Telephone: (727) 461-1818
> Facsimile: (727) 462-0365
> *Counsel for FLAG CHURCH & SHIP CHURCH*

Of Counsel:
Eric Lieberman
Rabinowitz, Boudin, Standard, Krinsky &
Lieberman, P.C.
45 Broadway, Suite 1700
New York, NY 10006
(212) 254-1111

1588419