UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS A. GARCIA SAZ, and wife,
MARIA DEL ROCIO BURGOS GARCIA,

    Plaintiffs,

vs.                Case No. 8:13-cv-00220-T-27TBM

CHURCH OF SCIENTOLOGY RELIGIOUS
TRUST, *et al.*,

    Defendants.
_____/

## ORDER

"[A] district court has the inherent authority to manage and control its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Prop., Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Parties and their lawyers are expected to comply with court orders, the Federal Rules of Civil Procedure and the Local Rules, and to conduct themselves in a manner which promotes the efficient and orderly resolution of matters before the Court.

Pending before the Court are three motions to compel arbitration, one each filed by Defendants Flag Church and Ship Church (Dkt. 8), Defendant CSRT (Dkt. 15) and Defendant IAS (Dkt. 18). Plaintiffs filed a single response to the motions, appropriately considering the motions as consolidated (Dkt. 30).[1] A resolution of the arbitration issue has been effectively stayed, however,

---

[1] Ordinarily, it would be expected that when a defendant in a multi-defendant case files a motion, a co-defendant who desires the same relief will join in the motion and adopt the argument, as Defendant IAS appropriately did with respect to the attempt to disqualify Plaintiffs' counsel (Dkt. 37). Defendants are encouraged to consider using a simple joinder in the future rather than filing independent motions seeking essentially the same relief.

because of the recently filed Motion to Dismiss by Defendants IAS Administrations, Inc., U.S. IAS Members Trust, and Church of Scientology Religious Trust, in which they raise lack of diversity jurisdiction (Dkt. 90).

Curiously, on November 4, 2013, Defendants Flag Church and Ship Church filed an eighteen-page "response" to their co-defendants' Joint Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 92). That filing prompted Plaintiffs to seek leave to reply to this "response," notwithstanding that Plaintiffs had responded to the original motion to dismiss (Dkts. 93, 94).

Flag Church's and Ship Church's "response" to their co-defendants' motion is not authorized by any rule of civil procedure, local rule, or Court order. The "response" raises additional legal argument supporting dismissal. As such, the "response" will be stricken as an unauthorized pleading. See Fed. R. Civ. P. 7 (specifying pleadings allowed and requiring that request for relief be made by motion); Fed. R. Civ. P. 12(b); Local Rule 3.01 (c) ("No party shall file any reply or further memorandum directed to the motion or response allowed in (a) and (b) unless the Court grants leave.").

Plaintiffs have also file an unauthorized pleading. Incident to the several motions to compel arbitration, Defendants were directed to file a short response "describing the existing written procedures that govern Scientology arbitration (Dkt. 89), which Defendants Flag Ship and Flag Church have done (Dkt. 91). No further pleadings were authorized by that order. Notwithstanding, Plaintiffs, without seeking leave, filed a responsive memorandum to Defendants' response, making additional argument and attaching five new exhibits (Dkt. 95). Defendants Flag Church and Ship Church moved to strike Plaintiffs' response as an unauthorized filing (Dkt. 97).

All of this has unnecessarily burdened the docket and detracted from the orderly and efficient

resolution of the issues. Upon consideration, therefore,

1. The Response of Defendants, Flag Church and Ship Church, To Motion of Other Defendants to Dismiss Case for Lack of Subject Matter Jurisdiction (Dkt. 92) is **STRICKEN**.

2. Plaintiffs' Motion for Leave to File Ten-Page Memorandum in Response to Defendants FSO and FSSO's Response to the Joint Motion of Other Defendants to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 94) is **DENIED as moot**.

3. Plaintiffs' Memorandum in Response to Defendants FSO and FSSO's Response to the Order for Existing Written Arbitration Procedures That Govern Scientology Arbitration (Dkt. 95) is **STRICKEN**.

4. The Motion of Flag Church and Ship Church to Strike (Dkt. 97) is **DENIED as moot**.

5. This case is **STAYED** pending a resolution of subject matter jurisdiction. Absent leave of Court, no further pleadings are to be filed.

**DONE AND ORDERED** this 12th day of November, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record