UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LUIS A. GARCIA SAZ, and wife,
MARIA DEL ROCIO BURGOS GARCIA,**

Plaintiffs,

vs.                                                                          Case No. 8:13-cv-00220-T-27TBM

**CHURCH OF SCIENTOLOGY RELIGIOUS
TRUST,** *et al.,*

Defendants.
_____/

## ORDER

Before the Court is Defendants IAS Administrations, Inc.'s, U.S. IAS Members Trust's and Church of Scientology Religious Trust's Joint Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 90). Plaintiffs oppose the motion, alternatively seeking leave to conduct jurisdictional discovery (Dkt. 93). Upon consideration, ruling on Defendants' Motion is DEFERRED. The parties are granted leave to conduct discovery *limited* to subject matter jurisdiction, as discussed below. *Majd-Pour v. Georgiana Community Hosp., Inc.,* 724 F.2d 901, 903 (11th Cir. 1984) ("Although the plaintiff bears the burden of proving the court's jurisdiction, the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction.").

### BACKGROUND

Defendants IAS Administrations, Inc. ("IASA"), U.S. IAS Members Trust ("USIMT"), and Church of Scientology Religious Trust ("CSRT") move to dismiss Plaintiffs' Complaint, challenging diversity jurisdiction. In support, Defendants make three assertions: (1) all of the trustees of USIMT reside in California; (2) at least one of the trustees of CSRT resides in California; and (3) the principal place of business of IASA is in California (Dkt. 90 at 1). Since Plaintiffs allege that they

are citizens and residents of California (Dkt. 1 ¶ 14), Defendants argue that diversity of citizenship is lacking.

## STANDARD

Federal diversity jurisdiction requires that all parties be completely diverse. *Palmer v. Hosp. Auth. of Randolph County,* 22 F.3d 1559, 1564 (11th Cir.1994); *Crook-Petite-El v. Bumble Bee Seafoods L.L.C.* 502 Fed. App'x. 886, 887 (11th Cir. 2012) (each defendant must be a citizen of a state different from each plaintiff). Plaintiffs have the burden of establishing by a preponderance of the evidence facts supporting the existence of federal jurisdiction. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010).

## DISCUSSION

### CRST and USIMT

According to the evidence submitted by Defendants, "USIMT has four trustees, all of whom are residents and citizens of California" (Dkt. 90, Ex. A, ¶ 3). CSRT has five trustees, three of whom are residents and citizens of California. (Dkt. 90, Ex. B, ¶ 4). Plaintiff refers to both CSRT and USIMT as "tax exempt" trusts doing business in Florida, alleging that CSRT is a "non-profit trust" and USIMT is "an entity with its principal place of business" in Clearwater (Dkt. 1, ¶¶ 15, 21).

Plaintiffs acknowledge that the factual record is not sufficiently developed to establish the citizenship of Defendants. Although not directly contesting that CSRT and USIMT are trusts, they contend that the record does not establish as much (*See* Dkt. 93 at 4). As noted, however, Plaintiffs refer to CSRT and USIMT as "trusts" in their Complaint (Dkt. 1 at 1, 5). Additionally, Defendants cite to CSRT's Declaration of Trust (Dkt. 8 at 11; Dkt. 15 at 2-3) and USIMT's Declaration of Trust (Dkt. 8 at 11) in their motions to compel arbitration, the existence of which is supported by affidavit

2

(Dkt. 8-14 at ¶¶ 9, 13). Notwithstanding, additional information regarding the nature of CSRT and USIMT, and the citizenship of their respective "members," is necessary before a determination of whether diversity jurisdiction exists can be made.

Defendants contend that for purposes of diversity jurisdiction, the citizenship of an unincorporated association such as CSRT and USIMT is determined by the citizenship of each of its members, and that CSRT and USIMT are citizens of each state in which at least one of their trustees is a citizen (Dkt. 90 at 3). *See Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990); *Osting-Schwinn*, 613 F.3d at 1086-87. Defendants are correct.

In this Circuit, for purposes of diversity jurisdiction, a "sharp distinction" is drawn between corporations and "virtually every other form of association for purposes of determining diversity of citizenship." *Osting-Schwinn*, 613 F.3d at 1086. For example, while corporations are considered "legal persons whose citizenship does not depend on that of their shareholders . . . unincorporated associations do not themselves have any citizenship, but instead must prove the citizenship of each of their members to meet the jurisdictional requirements of 28 U.S.C. § 1332." *Id.*; *Carden*, 494 U.S. at 195-96 ("We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members."). In sum, consistent with these principles, "every association of a common-law jurisdiction other than a corporation is to be treated like a partnership . . . without regard to the corporation-like features or other business realities of the artificial entity." *Osting-Schwinn*, 613 F.3d at 1087; *Laborers Local 938 Joint Health & Welfare Trust Fund v. B.R. Starnes Co. of Florida*, 827 F.2d 1454, 1457 (11th Cir. 1987) ("Trust Funds, which appear to be voluntary unincorporated associations, are not citizens of any particular state; rather, the citizenship of trust fund members is determinative of the existence of diversity of

3

citizenship."); *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1339 (11th Cir. 2002) (citizenship of business trust must be determined on the basis of the citizenship of its shareholders), *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71 (2006).[1]

## IASA

The parties agree that a corporation is deemed to be a citizen of its state of incorporation as well as the state in which it has its principal place of business. *See* 28 U.S.C. § 1332. However, the allegations of the Complaint (Dkt. 1, ¶ 20) conflict with the Raos affidavit as to where IASA has its principle place of business (Dkt. 90, Ex. C). Moreover, IASA's corporate filings with the Florida Secretary of State list its principle place of business as Clearwater (Dkt. 93-1). Considering these conflicts, discovery *limited* to where IASA has its principle place of business under the "nerve center" test is necessary. *See Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' ").

## *Need for jurisdictional discovery*

As Plaintiff correctly notes, "it is impossible to determine, based on the record before the Court, whether diversity jurisdiction is defeated." (Dkt. 93 at p. 2). Clearly, the allegations of the Complaint do not establish diversity, applying the principles discussed above. Moreover, Defendants have submitted affidavits averring to facts not contained in the Complaint in support of their

---

[1] The Third Circuit interprets *Riley* as holding that the relevant members of a business trust are the beneficiaries. *Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 202 (3d Cir. 2007) ("The Court of Appeals for the Eleventh Circuit took the different approach that *Carden* made clear that the citizenship of the 'members,' who it believed were only the beneficiaries, determines the citizenship of a business trust.").

contention that diversity is lacking,[2] and Plaintiffs have, as noted, likewise submitted matters outside the pleadings.[3]

This record is now replete with factual conflict which is material to a determination of whether diversity jurisdiction exists, including the legal structure of CSRT and USIMT, and the identities and citizenship of their "members" at the time this case was filed.[4] *See Holston Invs., Inc. v. Lanlogistics, Corp.*, 677 F.3d 1068, 1070 (11th Cir. 2012) (diversity jurisdiction determined as of filing of complaint). Indeed, neither the Warren Declaration nor the Stilo Declaration demonstrate that the trustees were California citizens at the time this lawsuit was filed. (*See* Dkt. 93-1 at ¶ 3 ("USIMT has four trustees, all of whom *are* residents and citizens of California."); Dkt. 93-2 at ¶ 4 ("David Petit . . . *is* a resident and citizen of Los Angeles, California. Two of the other trustees *are* also residents and citizens of California.")).

*Leave to conduct jurisdictional discovery*

Accordingly, the parties are granted leave to conduct discovery *limited* to the issues of diversity jurisdiction, including but not limited to the citizenship of the "members" of CSRT and USIMT at the time this case was filed and the principle place of business of IASA. Discovery shall be completed within 90 (ninety) days. The parties are expected to cooperate fully in scheduling depositions and providing relevant documents on request. Discovery responses are due 15 (fifteen)

---

[2] Defendants submit the declarations of Carole Warren, Glen E. Stilo, and Mislav Raos. (*See* Dkt. 90, Exs. A-C.)

[3] Plaintiffs submitted the 2012 and 2013 Not-For-Profit Corporation Annual Reports for IASA and the Declaration of Luis A. Garcia Saz. (Dkts. 93-1, 93-2.)

[4] As noted, Plaintiffs refer to CSRT as a "tax exempt trust" in the first paragraph of the Complaint, and later as a "non-profit trust." (Dkt. 1 at 1 & ¶ 15.) They also refer to USIMT as a "tax exempt trust" in the first paragraph of the Complaint, but later as an "entity." (*See* Dkt. 1 at 1 & ¶ 21.) Defendants merely refer to them as trusts. It is not clear from the current record the precise nature of the CSRT and USIMT entities and whether they would have shareholders/beneficiaries.

5

days after service. Obstructive discovery tactics may result in sanctions.

***Plaintiffs' Request for Leave to Amend and for Sanctions***

Plaintiffs request leave to amend their Complaint to cure any jurisdictional defects, claiming that CSRT and USIMT are nominal defendants whose citizenship should be disregarded. (Dkt. 93 at 7). This request is denied without prejudice. *See Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009) ("'Where request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.'") (quoting *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999)).

Plaintiffs also request Rule 11 sanctions against Defendants for raising these jurisdictional issues months after the Complaint was filed. (*See* Dkt. 93 at 7-8.) This request is denied without prejudice.

**DONE AND ORDERED** this __5th__ day of December, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record