UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA DEL ROCIO BURGOS GARCIA,
and LUIS A. GARCIA SAZ,

        Plaintiffs,

vs.                                           Case No. 8:13-cv-220-T-27TBM

CHURCH OF SCIENTOLOGY FLAG
SERVICE ORGANIZATION, INC.,
CHURCH OF SCIENTOLOGY FLAG
SHIP SERVICE ORGANIZATION, INC.,

        Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiffs' Motion for New Trial/Reconsideration (Dkt. 191), and Defendants' response in opposition (Dkt. 194). Upon consideration, Plaintiffs' motion is DENIED.

Plaintiffs seek reconsideration of the Order (Dkt. 189) granting Defendants' motion to compel arbitration. Plaintiffs contend there are four reasons justifying reconsideration: (1) they never stipulated, agreed or conceded that the Church of Scientology is a religious institution entitled to First Amendment protection; (2) Defendants led Plaintiffs and the Court to believe they were not raising First Amendment grounds in support of their motion to compel arbitration and therefore should have been estopped from taking that position at the evidentiary hearing; (3) the Court erred in concluding that ecclesiastical principals prohibited it from determining whether the arbitration process would be fair; and (4) the Court erred in determining that the arbitration procedures in the Enrollment Application were sufficient under Florida law.

Reconsideration is justified only by (1) an intervening change in controlling law, (2) new

1

evidence, and/or (3) clear error or manifest injustice. *Del. Valley Floral Group, Inc. v. Shaw Rose Nets*, LLC, 597 F.3d 1374, 1383 (Fed. Cir. 2010) (quoting *Degirmenci v. Sapphire–Ft. Lauderdale, LLLP*, 642 F. Supp. 2d 1344, 1353 (S.D. Fla. 2009)); *Fenello v. Bank of Am., NA*, 577 Fed. App'x 899, 903 n.7 (11th Cir. 2014); *Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Authority*, No. 8:92-CV-230-T-17TGW, 814 F.Supp. 1072, 1073 (M.D. Fla. Feb. 18, 1993). ("When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based."). And "'[a] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made.'" *Del. Valley Floral Group, Inc.*, 597 F.3d at 1384. Nor is reconsideration appropriate when the proponent merely reargues matters already addressed. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

Plaintiffs' contentions supporting their request for reconsideration do not demonstrate a change in the law, offer new evidence, nor demonstrate clear error or manifest injustice. With respect to Plaintiffs' third and fourth reasons, they simply rehash their original arguments which were previously considered and rejected.

Plaintiffs' assertion that they never stipulated, agreed or conceded that the Church of Scientology is a religious institution is inconsistent with the strategy they pursued in this case. Plaintiffs never challenged Scientology's status as a religious institution or that its tenets were religious in nature, until now. (*See* Dkt. 30 at 20) ( "Plaintiffs' complaint is neither an attack on Scientology as a supposed religion nor, in any way related to the religious services they paid for.").[1]

---

[1] *See* Dkt. 1, Plaintiffs' original complaint, at ¶ 2 ("The Church of Scientology refers to the hierarchical structure of the Scientology religion which is comprised of various corporations and related entities."); ¶ 4("The question of whether Scientology is a religion has been disputed since the founding of the Scientology movement. Plaintiffs are not taking a position one way or the other as to the validity of Scientology as a religion."); ¶ 22 ("This case is not an attack

Indeed, the record is replete with Plaintiffs' own characterizations of the "religious services" they purchased from the Church. (*See* Dkt. 30 at 1, 2, 7, 8, 10 at n. 5) ("Plaintiffs' claims here do not involve dissatisfaction with or returns or refunds sought in connection with *religious services* they obtained pursuant to any Enrollment Application they executed.") (emphasis added). And Luis Garcia essentially testified that he was a devoted Scientologist and still subscribes to its tenets, although he became disenchanted with how the Church is run. (*See* Dkt. 195 at 13:1-15:13, 39:2-8, 40:17-41:6). Further, in his declaration, he refers to the "religious service" provided by the Church, and avers that he believed that the Church leadership "would support and care for [his] spiritual well-being." (Dkt. 31-1, ¶¶ 8, 10, 12).

Moreover, Plaintiffs' participation in Scientology as a religion has been <u>the</u> central theme of Defendants' efforts to compel arbitration, as evidenced by their original motion to compel arbitration. (*See* Dkt. 8 at 2) ("For 28 years, the Garcias actively engaged in the life of their Church and religion, and extensively participated in Scientology's unique and central religious practices of auditing and training."). Defendants' contention has always been that Plaintiffs accepted and were bound by Scientology religious tenets, including Scientology arbitration. (*See id.*) (". . . the Garcias learned and accepted the Scientology religious tenet that all disputes between and among fellow Scientologists and/or Scientology churches and affiliated religious organizations should be resolved by use of Scientology's internal dispute resolution and justice system, including ultimately, if necessary, submission of all such disputes to arbitration before followers of the Scientology religion

---

on the religious tenets of the Church of Scientology, although arguments abound that the Church no longer functions as a duly-qualified, tax-exempt, religious organization.").

In their Amended Complaint, Plaintiffs did not recede from their implicit acknowledgment that Scientology constituted a religion in their view. While the Amended Complaint changed "Scientology religion" to "Scientology movement" (*see* Dkt. 114, ¶¶ 4, 6), they nonetheless continued to disavow any intention to challenge "the religious tenets of the Church of Scientology." (*id.*, ¶ 12) ("This case is not an attack on the religious tenets of the Church of Scientology . . .").

who are knowledgeable in the Scientology Scripture.").

Finally, during the evidentiary hearing, Plaintiffs' counsel expressly disavowed seeking a judicial determination as to whether Scientology constituted a religion:

> [T]he point is, Judge, we're not asking you to look into the Church of Scientology and decide whether their doctrines or [sic] right or wrong. You can't do that. That First Amendment prohibits that if they're a religion. That issue has never been decided, by the way, in this case, they have the burden of showing that. *But even assuming that they are, we're not asking you to do that.* This court has inherent jurisdiction to decide its own jurisdiction and we're not telling the court what to believe or what Scientologists believe.

(Dkt. 196 at 97:24-98:10) (emphasis added)).

In sum, Plaintiffs have never challenged, until now, Scientology as a religious organization, and have never disavowed their beliefs that Scientology tenets and practices are religious in nature.[2] Reconsideration is not appropriate to consider arguments that could have been made earlier. *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990).

Lastly, Plaintiffs' contention that Defendants "[sprung] their seminal defense of First Amendment privilege" on the eve of the evidentiary hearing is borderline disingenuous, considering the record. Indeed, in their original motion to compel arbitration, Defendants invoked First Amendment protection against judicial interpretation of Scientology doctrine (Dkt. 8 at 12-15). And during argument early on in the case, Defendants referenced First Amendment implications (Dkt. 129 at 16-17) ("There are First Amendment overtones to this that I don't think the Court can overlook"). In their briefing, Defendants maintained that the First Amendment prohibits judicial interpretation of Scientology religious doctrine. (*See* Dkt. 166 at 8) ("To hold for Plaintiffs, the

---

[2] Luis Garcia testified during the evidentiary hearing: "Q. And there are certain aspects of the religion and certain staff members around the globe that you still approve of, correct? A Yes. Q. But you do not approve of the core management of the church today. A No, just as I didn't back in November 6, 2010." (Dkt. 195 at 39:2-8). And, as late as 2010, Luis Garcia continued to affiliate with an independent group of Scientologists and continued to believe in the religion (*Id.* at 40:17-41:6).

Court must determine that Plaintiffs correctly define church justice procedures and that the church does not. There is nothing that is more contrary to well established First Amendment doctrine." . . . "The Supreme Court has made it clear that the judiciary has no role in interpreting or applying religious doctrine or practice." . . . "'[L]itigating in court about what does or does not have religious meaning touches the very core of the constitutional guarantee against religious establishment.'").

Moreover, Plaintiffs' own briefing acknowledged Defendants' First Amendment contentions, although they dismissed them as "irrelevant distractions." (Dkt. 170 at 6, 10) (" . . . whether the First Amendment protections apply are irrelevant distractions on this motion as neither are currently before the Court." . . . "Defendants' belief that arbitrability is somehow immunized from Article III scrutiny because that question implicates religious doctrine further illuminates the inherent bias in the arbitration process that Defendants have crafted."). And, as noted, Plaintiffs' counsel acknowledged during argument that the First Amendment prohibits judicial interpretation of religious doctrine. Considering this record, Plaintiffs' contention warrants no further discussion.[3] Their Motion for New Trial/Reconsideration (Dkt. 191) is **DENIED**.

**DONE AND ORDERED** this 14th day of May, 2015.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[3] Notwithstanding Plaintiffs' contention concerning application of the First Amendment to their substantive unconscionability argument, the result would be the same, since their procedural unconscionability argument was rejected. Plaintiffs had the burden of proving both procedural and substantive unconscionability under Florida law.