UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS A. GARCIA SAZ and Wife,
MARIA DEL ROCIO BURGOS
GARCIA,

        Plaintiffs,

vs.                          CASE NO:  8:13-CV-220-T27 TBM

CHURCH OF SCIENTOLOGY FLAG
SERVICE ORGANIZATION, INC., and
CHURCH OF SCIENTOLOGY FLAG
SHIP SERVICE ORGANIZATION, INC.,

        Defendants.
_____/

## PLAINTIFFS' MOTION TO TAKE DEPOSITION

COMES NOW the Plaintiffs, LUIS A. GARCIA SAZ and MARIA DEL ROCIO BURGOS GARCIA, by and through their undersigned attorneys and move this Court for an Order permitting the Plaintiffs to take the deposition of Brandon Orlando and as grounds, therefore, would show:

1.  As the Court is aware, this Court ordered the parties to arbitration on March 13, 2015, [DE 189] and since August 2015, Plaintiffs have been attempting to name an arbitrator who is considered to be in good standing with the Church.

2.  Plaintiffs filed a Renewed Motion for Order of Waiver of Arbitration on December 12, 2016 [DE 220].  Defendants filed a Verified Response to Plaintiffs' Renewed Motion to Waive Arbitration on January 11, 2017 [DE 224].

3.  On August 21, 2016, Plaintiffs named Brandon Orlando as their chosen

Arbitrator. Mr. Orlando was rejected by the International Justice Chief Mike Ellis on August

29, 2016, attached as Exhibit A.  In that letter, Mr. Ellis states:

> You have submitted the name of Brandon Orlando.  According
> to the Church records, he last took any Church service in 2013,
> and was subsequently officially recorded as not in good standing
> as he chose to remain affiliated with declared Suppressive
> Persons.  Mr. Orlando has continued to ally himself with
> individuals who are hostile to the Church.  This is a matter of
> public record, [1] as it was for almost all of the other individuals
> whom you previously suggested as potential arbitrators.
> (That was not true of the twenty individuals whom you contacted
> on your own – names you provided the court, but for which you
> never informed me – but whom you have since refused to
> designate as an arbitrator.)  Brandon Orlando is not in good
> standing with the Church and therefore is not qualified as an
> arbitrator.

4.  Page 7, para B of Defendants' Verified Response (DE 224) states:

> Orlando last participated in auditing no later than 2007, and
> has not participated in other Scientology services since 2009.
> **He was dead filed in 2014** (emphasis added).  In June, 2016,
> he told a Church staff member that he has no interest in attending
> Church services or advancing his studies of Scientology, thus
> disavowing the religion. [2]  Based on these facts, in August,
> 2016, the IJC informed plaintiffs that Orlando was not in good
> standing.  See IJC letters dated August 29, 2016, and October
> 25, 2016 Exhibit 2.

_____

[1] Plaintiffs are unaware of any such public record and none is provided by defendants. It is more of the shell game that is being played with plaintiffs and this court to assert as "fact" things which are not supported by any documentation.

[2] This is an entirely new claim that someone who is not engaged in current studies is "disavowing the religion". It is contradicted by numerous "scriptures" of scientology, but defendants believe they are immune from inquiry into their beliefs and thus if they assert something it cannot be challenged. This makes an ever-shifting playing field that is always tipped in defendants favor – even though this is supposed to be a proceeding that takes the place of the equity of the court.

5.  The Defendants clearly state that Mr. Orlando is not in good standing and he was

"dead filed" in 2014.

6. Page 4 of Defendants' Verified Response (DE 224) states:

> Another reason why persons would not be in good standing is if they choose to remain connected with a Suppressive Person, or if they submit denunciatory or hostile communications to the Church. Such persons are subject to being "dead filed," which is a status within Scientology ethics and justice system as set forth in Scientology policy HCO PL, 7 June 1965, Issue II, entitled "Entheta Letters And The Dead File, Handling Of." According to Church doctrine, a person who is dead filed is not in "good standing" with the Church. **If a person is dead filed, Church staff members will not send any type of communication to the person** (emphasis added).

7. Indeed, a person who is "dead filed" and "not in good standing" with the Church, would not be permitted to talk to any Scientologist in good standing. A "dead filed," "not in good standing" person is not permitted on Church premises, and would not receive any type of communication from Church staff members.

8. Attached hereto as Exhibit B is the Affidavit of Aaron Smith-Levin. It is clear from that Affidavit that the Defendants are committing a fraud on this Court. If Mr. Orlando were indeed a "dead filed" and "not in good standing" person, an Ethics Officer from FLAG would not have had contact with him. Neither could Mr. Orlando be living with his mother, Lynn Bordon, who is a Scientologist in good standing. If Brandon Orlando were indeed a "dead filed" and "not in good standing" person, there would be no need to be interrogated by the Church on numerous occasions as to why Mr. Garcia had named him as an arbitrator. If Mr. Orlando were indeed "dead filed" and "not in good standing," there is no way he could have shown up in the office of the Ethics Officer to be interrogated nor could he have been allowed in to the Office of Special Affairs for an interview. And it would have been highly unlikely that had Mr. Orlando really been a "dead filed" and "not in good standing" person, he

would have complied to the Ethics Officer summons, let alone submit himself to a humiliating and intrusive search of his phone.

9.   The Defendants' efforts to obtain an affidavit from Mr. Orlando falsely stating he was not in good standing with the Church was clearly an attempt to commit a fraud on this Court.

10. Furthermore, the fact that the Church produced a second revised affidavit once Mr. Orlando refused to perjure himself by signing the first false affidavit presented to him, creates a reasonable inference the first affidavit was false. It is not plausible that the Church would change a true affidavit into a false one because of Mr. Orlando's refusal to sign it.

11.   If Mr. Orlando were indeed "dead filed" and "not in good standing," the Church of Scientology of Tampa would not have contacted him repeatedly, pressuring him to pay for and start his next service.

12.   Plaintiffs have sought to contact Mr. Orlando directly. On February 24, 2017, Mr. Orlando returned Mr. Garcia's calls only to tell him that he did not want to talk to Mr. Garcia, indicating that he "is in good standing and he wants to keep it that way." He also stated he would be reporting that contact to OSA (Office of Special Affairs).

13.   Because there is a repeating pattern over the course of nearly two years whereby virtually every person plaintiff names is apparently "not in good standing", plaintiffs should be afforded the opportunity to probe the veracity of the assertions that Mr. Orlando has been declared a "dead filed" and "not in good standing" person.

14.   Plaintiffs desire to take the deposition of Mr. Orlando to ask him under oath if the

events detailed by Mr. Aaron Smith-Levin are true because if they are, it would indicate an attempt to commit a fraud on this Court.  Plaintiffs have contacted defense counsel and asked if they object to the taking of Mr. Orlando's deposition and they have not replied.

DATED:   This 1st  day of February, 2017.


Respectfully submitted,


By____/s/ Theodore Babbitt_____
Theodore Babbitt
Fla. Bar No:  091146
Babbitt & Johnson, P.A.
1641 Worthington Road, Suite 100 (33409)
P. O. Box 4426
West Palm Beach, FL  33402-4426
T:  (561) 684-2500; F: 561-684-6308
tedbabbitt@babbitt-johnson.com

-and-

Ronald Weil
Fla. Bar No:  169966
Weil Quaranta, P.A.
Southwest Financial Center, Suite 900
200 South Biscayne Blvd.
Miami, FL  33131
T:  (305) 372-5352; F:  (305) 372-5355
rweil@wqmc.com

## <u>CERTIFICATE OF SERVICE</u>

We hereby certify that, on February 1, 2017, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filings.


By____/s/ Theodore Babbitt_____
    Theodore Babbitt, Esq.
    Florida Bar No:  091146
    Babbitt & Johnson, P.A.
    1641 Worthington Road, Suite 100
    West Palm Beach, FL  33409
    Phone:  561-684-2500
    Fax:  561-684-6308
    tedbabbitt@babbitt-johnson.com


F. Wallace Pope, Jr., Esq.                    .
FBN 124449
Johnson Pope Bokor Ruppel
& Burns, LLP
911 Chestnut Street
Clearwater, FL  33757
Phone:  (727) 461-1818
Fax:  (727) 462-0365
E-mail:  wallyp@ipfirm.com
Counsel for Flag Church & Ship
Church

6