UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS A. GARCIA SAZ, et al.,

                **Plaintiffs,**

vs.                                        Case No. 8:13-CV-220-T-27TBM

**CHURCH OF SCIENTOLOGY RELIGIOUS TRUST, et al.,**

                **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** is Plaintiffs' Motion to Take Deposition (Dkt. 228) and Defendants' opposition (Dkt. 231). The motion is DENIED.

Plaintiffs cite no authority authorizing discovery while a stay is in effect.[1] Moreover, the essence of their motion is to authorize an inquiry into the basis for Defendants having designated Mr. Orlando as "not in good standing with the Church," and "dead filed." That would necessarily entangle the court in church policy and doctrine, something the Supreme Court has repeatedly cautioned against. *See Jones v. Wolf*, 443 U.S. 595, 602 (1979); *Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 708-09 (1976); *Presbyterian Church v. Mary Elizabeth Hull Memorial Presbyterian Church*, 393 U.S. 440, 446-47 (1969); *Kedroff v. St. Nicholas Cathedral of Russian Orthodox Church in N. Am.*, 344 U.S. 94, 116 (1952).

In Florida, "when a church-related dispute can be resolved by applying neutral principles of law without inquiry into religious doctrine and without resolving religious controversy, the civil

---

[1] Local Rule 3.01(a) directs:

"In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a *memorandum of legal authority in support of the request* . . . ." (emphasis added).

1

courts may adjudicate the dispute." *See. Conf. Ass'n of Seventh–Day Adventists, Inc. v. Dennis*, 862 So. 2d 842, 844 (Fla. 4th DCA 2003) (citing *Jones v. Wolf*, 443 U.S. 595, 602–604 (1979)); *Bendross v. Readon*, 89 So. 3d 258, 260 (Fla. 3d DCA 2012). However, even when neutral principles of law apply, secular courts must not "become entangled in essentially religious controversies or intervene on behalf of groups espousing particular doctrinal beliefs" by resolving underlying disputes over religious doctrine or practice. *Serbian E. Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 709 (1976); *Mary Elizabeth Blue Hull Memorial Presbyterian Church*, 393 U.S. at 449.

For these reasons, Plaintiffs' motion is **DENIED**. Notwithstanding, the parties can expect a rigorous inquiry on April 6, 2017 as to why arbitrators have not been selected more than two years after they were compelled to arbitrate, and after having been directed to diligently comply with the procedures for selecting a panel of arbitrators and to proceed with arbitration of Plaintiffs' claims (See Dkts. 189, 198, 215, 225).

**DONE AND ORDERED** in chambers this 21st day of March, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record