UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA DEL ROCIO BURGOS GARCIA,
and LUIS A. GARCIA SAZ,

           **Plaintiffs,**

vs.                                          Case No. 8:13-cv-220-T-27TBM

CHURCH OF SCIENTOLOGY FLAG
SERVICE ORGANIZATION, INC.,
CHURCH OF SCIENTOLOGY FLAG
SHIP SERVICE ORGANIZATION, INC.,

           **Defendants.**
_____/

## ORDER

On April 7, 2017, a status conference was conducted to inquire as to why the parties have failed to select arbitrators more than two years after they were ordered to arbitrate, and notwithstanding having been directed to diligently comply with the procedures for selecting a panel of arbitrators in accordance with their arbitration agreement. The parties agree that they have reached an impasse in the selection of arbitrators.

Considering the passage of time, the exchange between the lawyers at the status conference, and the six status reports which reflect a stalemate over the selection of Scientologists in good standing to serve as arbitrators, I find that the parties have reached an impasse in the selection of arbitrators.[1] *See* 9 U.S.C. § 5; *BP Expl. Libya Ltd. v. ExxonMobil Libya Ltd.*, 689 F.3d 481, 491–92

---

[1] A brief summary of the past two years supports this conclusion.
- On **March 13, 2015**, after an evidentiary hearing, the Court granted Defendants' motion to compel arbitration (Dkt. 189).
- After unsuccessfully appealing to the Eleventh Circuit, on August 18, 2015, Plaintiffs requested arbitration and attempted to designate an arbitrator. The Church rejected Plaintiffs' designation

1

(5th Cir. 2012) ("We define 'lapse,' for purposes of 9 U.S.C. § 5, to mean a lapse in time in the naming of the arbitrator or in the filling of a vacancy on a panel of arbitrators, or some other mechanical breakdown in the arbitrator selection process.") (quotation and citation omitted); *Stop*

---

because the individual was not a "Scientologist in good standing with the Mother Church" as required by the parties' arbitration agreement.

- For the next five and a half months, Plaintiffs and Mike Ellis, the International Justice Chief, exchanged numerous e-mails and letters attempting to identify an individual who was both agreeable to Plaintiffs and a Scientologist in good standing to serve as an arbitrator.

- On April 13, 2016, Plaintiffs filed a motion to lift the stay, contending that Defendants had waived their right to arbitrate by "thwarting" Plaintiffs' ability to select an arbitrator (Dkt. 206). This motion was denied on August 4, 2016 and the parties were directed to file a monthly status report (Dkt. 215).

- For the next four and a half months, Plaintiffs and Ellis continued to exchange e-mails and letters attempting to identify an individual who was both agreeable to Plaintiffs and a Scientologist in good standing to serve as an arbitrator.

- On December 12, 2016, Plaintiffs filed a renewed motion for order of waiver of arbitration (Dkt. 220), which was denied on February 7, 2017 (Dkt. 225).

- On March 1, 2017, Plaintiffs moved to take the deposition of Brandon Orlando, who was selected by Plaintiffs as their arbitrator, but rejected by the Church for not being in good standing with the church (Dkt. 228). The motion was denied, the Court finding that "the essence of their motion [wa]s to authorize an inquiry into the basis for Defendants having designated Mr. Orlando as 'not in good standing with the Church,' and 'dead filed.'" (Dkt. 232).

- On March 30, 2017, the parties filed their most recent status report, advising that:

    1. During 2016, Defendants provided 120 names of potential arbitrators. Plaintiffs declined to select any of them.

    2. During 2016, Plaintiffs proposed 52 individuals as potential arbitrators.

    3. Three of the individuals proposed by Plaintiffs in 2016 were found to be in good standing but each declined to serve as an arbitrator. Forty nine of the individuals proposed by Plaintiffs were reported by Defendants as not in good standing with the church.

    4. During 2017, Defendants provided 120 additional names of potential arbitrators. Plaintiffs have declined to select any of those individuals.

    5. During 201.7 Plaintiffs proposed one individual as an arbitrator, but that individual was likewise reported by Defendants as not in good standing.

    6. On March 11, 2017, Ellis provided a list of an additional 100 Scientologists in good standing to Plaintiffs.

*& Shop Supermarket Co. LLC v. United Food & Commercial Workers Union Local 342, AFL-CIO, CLC*, 246 F. App'x 7, 10–11 (2d Cir. 2007) (affirming the district court's appointment of an arbitrator under § 5 because the parties' deadlock in naming arbitrators resulted in a lapse).

Accordingly, as agreed by Defendants, within fifteen days, Defendants shall file an application under Section 5 of the Federal Arbitration Act for the appointment of three arbitrators in accordance with the arbitration agreement, and provide to chambers under seal and in camera 500 Scientologists in good standing in the greater Los Angeles, California area, selected at random. The list shall include each individual's address, occupation, and phone number, and identify any individual on the list who is employed by Defendants. From that list, the Court will select three individuals to serve as arbitrators. When the selection has been made, a hearing will be conducted for the purpose of scheduling the arbitration.

No party shall, directly or indirectly, interfere with the selection of arbitrators as described, and shall not contact, attempt to contact, or respond to contact by any individual listed by Defendants or selected to serve as an arbitrator by the Court. A violation of this order shall result in imposition of sanctions against the individual violating the terms of this order.

**DONE AND ORDERED** this _10th_ day of April, 2017.

                                                                                   __/s/ James D. Whittemore__
                                                                                   JAMES D. WHITTEMORE
                                                                                   **United States District Judge**

Copies to: Counsel of Record