UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA DEL ROCIO BURGOS GARCIA,
and LUIS A. GARCIA SAZ,

      Plaintiffs,

vs.                                   Case No:  8:13-cv-220-T-27-TBM

CHURCH OF SCIENTOLOGY FLAG
SERVICE ORGANIZATION, INC.,
CHURCH OF SCIENTOLOGY FLAG
SHIP ORGANIZATION, INC.,

      Defendants.
_____/

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR COURT TO PROVIDE FOR THE SELECTION OF A SCIENTOLOGIST IN GOOD STANDING AS ARBITRATOR [DE 239]

Plaintiffs, by their undersigned counsel, file their response to the Defendants' Motion for

Court to Provide for the Selection of a Scientologist in Good Standing as Arbitrator [DE 239]

and states as follows:

This Court was very clear in its Order of April 10, 2017, as well as at the hearing held on

April 7, 2017, that the Defendants were required to file an application under §5 of the Federal

Arbitration Act for the appointment of three arbitrators.  The Court on Page 3 of its Order [DE

238] stated:

> Accordingly, <u>as agreed by Defendants</u>, within fifteen days,
> Defendants <u>shall</u> file an application under Section 5 of the
> Federal Arbitration Act for the appointment of <u>three</u>
> arbitrators in accordance with the arbitration agreement,
> and provide to chambers under seal and in camera 500
> Scientologists in good standing in the greater Los Angeles,
> California area, selected at random.  The list shall include
> each individual's address, <u>occupation, and phone</u>

number, and identify any individual on the list who is
employed by Defendants.  From that list, the Court will
select three individuals to serve as arbitrators.  When the
selection has been made, a hearing will be conducted
for the purpose of scheduling the arbitration.

No parties shall, directly or indirectly, interfere with the
selection of arbitrators as described, and shall not contact,
attempt to contact, or respond to contact by any individual
listed by Defendants or selected to serve as arbitrator of the
Court.  A violation of this Order shall result in the imposition
of sanctions against the individual violating the terms of this
Order. (Emphasis supplied).

In the transcript of the hearing, it was clear that the Court made the decision to name all

three arbitrators and after the Defendants attempted to alter the Court's decision to choose all

three arbitrators, the Defendants agreed to the Court choosing all three of those arbitrators.

On Page 12 of the transcript the following colloquy occurred:

| | |
|---|---|
| The Court: | I want 500 names of Scientologists in good standing in the greater Los Angeles area from the defendants from which I will select a number of arbitrators – potential arbitrators.  We need three, don't we? |
| Mr. Pope: | Well, actually, Mr. Garcia is supposed to pick one. We will have no problem picking one.  And the two of them are to pick a third.  So it's really only a matter of picking. |
| The Court: | Well, the problem though is you guys won't pick. |
| Mr. Pope: | We will.  We'll pick our own arbitrator. |
| The Court: | If you're going to invoke section 5 of the FAA, your application is for the court to designate and appoint the arbitrator. |
| Mr. Pope: | That's fine, Your Honor, that will make it clean and – clean. |
| The Court: | The only concern that I will have, out of those 500 I'm going to pick a certain number and I have to figure out a procedure to select from those let's |

|  | just say 10, <u>three</u> who are willing and able to serve. That selection <u>by the court, if you file this application</u>, will have to occur without any interference or influence by plaintiffs or anybody on their side and the defendant or anybody on their side. And that's the certification that I'm going to require before this begins, this arbitration process begins. . . . |
|---|---|
| The Court: | So the defendant has offered – defendants, I should say, have offered to file an application under Section 5 of the FAA <u>for the court to designate the the arbitrators in this case.</u> |
|  | I find there is an impasse. The passage of time and the exchange between the lawyers of status reports all tell me that there is an impasse for whatever reason in the selection of arbitrators. The FAA contemplates such an impasse <u>and my designation of arbitrators does not in any way infringe upon the First Amendment rights of either side</u>. . . |
| The Court: | <u>I will designate three arbitrators</u> consistent with the contracts, direct that the case be submitted to arbitration within a specified period of time. |

Contrary to the Court's Order and to the agreement in the hearing, Defendants have now filed a Motion asking that the Court take away the Plaintiffs' right to choose their own arbitrator but allow the Defendants to retain their right to choose both other arbitrators. Defendants complain that for the Court to choose all three arbitrators would be contrary to the agreements of the parties. Of course, for the Court to name the first arbitrator would be contrary to the agreement as well and the Court has specifically determined, as indicated above, that the Court choosing the three arbitrators does not infringe on the First Amendment rights of any of the parties. While the Defendants claim that it is the Plaintiffs who have refused to designate an arbitrator, in fact, Plaintiffs have designated 54 potential arbitrators none of whom the

3

Defendants have found to be in good standing even though most of them have been chosen from a Scientology website run by the Defendants naming Scientologists who are presumably in good standing and a number of them have proven not to know that they were not in good standing.

Even though the Court Order specifically requires the Defendants to provide telephone numbers to the Court, Defendants simply refuse to do so.

Plaintiffs have no idea who these 500 people are or whether the Defendants have provided their occupations as requested by the Order. Plaintiffs know that 234 people have been contacted already by the Defendants and have been named as potential arbitrators. Plaintiffs have no idea what kind of contact Defendants have had with these individuals but any contact would violate the Court Order. These 234 people have already been listed in this case and are part of the record in a number of separate emails and Plaintiffs can provide the Court with a collated list of those names upon request.

There is no question as to the method the court has chosen to contact these potential arbitrators. The Court has made it absolutely clear that no one on either side should in any way attempt to contact these individuals yet the Defendants' motion contemplates the Defendants contacting the person selected. The Defendants on Page 7 of their motion state:

> It is the function and duty of the IJC to contact persons selected as arbitrators, after a party to arbitration informs the IJC of its choice. Here, the Court should act in the same manner as the plaintiffs would if they selected, *i.e.,* the Court should notify the IJC who would then contact the person selected. (Emphasis supplied).

Incredibly, the Defendants want the right to have direct contact with potential arbitrators while the Plaintiffs are absolutely forbidden to do so.

The Defendants' reason for wanting the IJC to contact potential arbitrators is stated on Page 8 of their Motion.

> Any other procedure would inevitably lead to chaos. A Scientologist in good standing is unlikely to agree to participate in an arbitration proceeding without <u>assurances</u> from the IJC that the proceeding is authorized under Church law. If the Court were to contact a person it has selected, that person <u>undoubtedly immediately would contact a local Church official or the IJC</u> for information and <u>advice</u>, and quite possibly a lawyer. (Emphasis supplied.)

So, the motion of the Defendant is to circumvent exactly what the Court feared in choosing the Court's selection process. The Defendants want to give advice to these arbitrators.

The concern of the Defendants about a potential arbitrator participating in the proceedings demonstrates what both the Defendants and the Plaintiffs know about the arbitration process being nothing more than a sham. Defendants know that if the Court contacts Scientology members in good standing, none would consent to act as arbitrator unless the Defendants assure them that they would not be themselves declared or excommunicated if they serve as arbitrators. This is a very justified fear on the part of potential arbitrators who are in good standing. The Court knows from the testimony received by the Court in this case that if any Scientologist in good standing would dare to question the Church of Scientology in an arbitration proceeding, they would be automatically declared or excommunicated. Under the rules of Scientology, they are not even allowed to be in the same room with Mr. or Mrs. Garcia because the Garcias are declared. They are not allowed to speak to them and if they dared to find against Scientology they themselves would be excommunicated. The only way they could participate in an arbitration proceeding would be if they were assured by the Church that they could conspire with the Church to find in favor of Scientology. Anything less than that would

lead to their own excommunication. As the Court knows from the testimony it received, that is no small matter. If a Scientologist is declared by the Church, their wives and husbands, in order to remain in the Church, would have to divorce them and never speak to them again. If their children were in the Church and they are declared, their children would never speak to them again. They couldn't ever see their grandchildren because of the insular nature of scientology they would lose all their friends, associates and business contacts. It would completely destroy their lives. These are people who are supposed to act as impartial and disinterested arbitrators.

Defendants' Motion points up what is wrong with trying to arbitrate this case. The Court, on more than one occasion, has stated that the Plaintiffs have agreed to this arbitration proceeding but that is simply not correct. Plaintiffs agreed to submit to religious arbitration concerning religious matters. Three arbitrators in good standing in the Scientology church would be perfect for deciding matters of religious arbitration but trying to get Scientologists to determine a nonreligious matter like fraud is like trying to fit a square peg in a round hole. That is why the Plaintiffs objected to the arbitration procedure to begin with and that is why three arbitrators who are not indoctrinated by the Church before agreeing to be arbitrators will never be chosen in this case. No Scientologist in his right mind would subject himself or herself to participating in an arbitration process where there was a potential for them being declared. Plaintiffs believe this will be proven when the Court tries to contact these individuals if the Church, in fact, obeys this Court's Order and does not contact them in advance. While the Plaintiffs have objected to the procedure chosen by the Court because they must be consistent in their objection to the arbitration process itself, the Court should certainly reject the Defendants' Motion to invite the Court to violate its own Order.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of April, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: F. WALLACE POEP, JR., ESQ., wallyp@jpfirm.com; ROBERT V. POTTER, ESQ., bobp@jpfirm.com; and ERIC M. LIEBERMAN, ESQ., elieberman@rbskl.com, and other counsel of record.

BABBITT & JOHNSON, P.A.


   /s/ Theodore Babbitt
Theodore Babbitt
Florida Bar No: 091146
1641 Worthington Road, Suite 100
West Palm Beach, FL 33409
(561) 684-2500 – telephone
(561) 684-6308 – facsimile
*Attorneys for Plaintiff*