UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA DEL ROCIO BURGOS GARCIA,
and LUIS A. GARCIA SAZ,

Plaintiffs,

vs.  Case No. 8:13-cv-220-T-27TBM

CHURCH OF SCIENTOLOGY FLAG
SERVICE ORGANIZATION, INC.,
CHURCH OF SCIENTOLOGY FLAG
SHIP SERVICE ORGANIZATION, INC.,

Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Defendants' Opposed Motion for Clarification (Dkt. 244), and Plaintiffs' response (Dkt. 245). Upon consideration, the Motion is **DENIED**.

On May 19, 2017, the Court granted Defendants' Motion for Court to Provide for the Selection of a Scientologist in Good Standing as Arbitrator to the extent that the Court advised that it will select three arbitrators from the list of 500 Scientologists in good standing submitted by Defendants and that a hearing will be conducted for the purpose of scheduling arbitration. Defendants' contention that the arbitration agreement requires the IJC to contact the arbitrators and schedule arbitration and their concern that individuals selected by the Court to serve as arbitrators will inevitably contact a Church official were rejected.

Defendants now seek "clarification" as to three aspects of the Court's May 19th Order, all of which simply rehash previous arguments and will not be reconsidered, with one exception. To the extent Defendants are concerned about violating the Court's directive not to interfere with the

1

selection of arbitrators and not to contact, attempt to contact, or respond to contact by any individual listed by Defendants or selected to serve as an arbitrator, Defendants are permitted to inform Church officials that this matter is pending, arbitration is imminent, and of the Court's directives.[1]

**DONE AND ORDERED** this 26th day of June, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[1] As examples, Defendants submit that a parishioner may seek advice as to whether he or she may interrupt their religious activity or study to participate as an arbitrator or be alarmed by direct contact from the Court. Without providing hypothetical answers to hypothetical questions, it must be recognized that it is the Defendants who sought to compel arbitration, pursuant to the arbitration clause in their enrollment agreements, which are presumably signed by every parishioner who participates in Scientology services, courses, and study. And, it seems to follow therefore, that any directive from a Church official that interferes with a selected individual's ability to serve as an arbitrator would not only be contrary to the arbitration agreements and the right to arbitrate, but to the Court's directives as well.